# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TYRONE ELLIS,                                                                                                                               PLAINTIFF
ADC #149250

v.                                    5:16CV00178-DPM-JTK

BRETT BUTLER                                                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Tyrone Ellis is a state inmate incarcerated at the East Arkansas Regional Unit (EARU) of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging Dr. Brett Butler acted with deliberate indifference to his serious medical needs when he delayed his treatment for migraines and blurred vision for seven days. (Doc. No. 2)

This matter is before the Court on Defendant Butler's Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 33-35). Plaintiff filed Responses (Doc. Nos. 36, 37) and Defendant filed a Reply (Doc. No. 38).

### II. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Butler asks the Court to dismiss Plaintiff's Complaint against him based on his failure to prove deliberate indifference. According to the medical records, which Plaintiff does not dispute, Nurse Monica Dunn examined him on February 15, 2016, for complaints of blurry vision and headaches from the cell light being on twenty-four hours per day. (Doc. No. 34-1, p. 8) She noted he had normal vital signs and wore eyeglasses, provided him with Naproxen, and referred him to a provider. (Id.) She also placed a request to the ADC maintenance department to address the lighting issue. (Id.) Another nurse, Ronald Flatt, examined plaintiff on February 17, 2016, for complaints of chest pain. (Id.) Per a telephone conversation with Dr. Butler, Flatt ordered Ibuprofen 600 for Plaintiff's pain. (Id.) On February 22, 2016, Dr. Butler examined Plaintiff for his complaints of migraine headaches and blurry vision. (Id., p. 11) Butler noted that Plaintiff had a history of migraine headaches and that his ears, nose, and throat were clear. (Id.) He also noted that Plaintiff's optic discs were of normal size and that his eyes had no hemorrhages or exudates. (Id.) He diagnosed Plaintiff with migraine headaches and prescribed pain reliever-plus tablets

3

daily for thirty days. (Id.)

Dr. Butler states in a declaration that from February 15, 2016, until February 22, 2016, a number of providers with prescriptive authority were available at the EARU to provide direct patient care. (Doc. No. 34-3, p. 2)   He also states that February 22, 2016 was the first date he was aware that Plaintiff had any medical need with regard to heachaches, because Plaintiff's name appeared on his list of patients to treat on that day. (Id.)   Butler states that prior to February 22, 2016, Ellis' name was not on a treatment list and he was unaware of his headache complaints. (Id.)

Dr. Jeffrey Stieve, the Regional Medical Director for Correct Care Solutions, LLC, states that he reviewed Ellis' medical records and found that Butler appropriately diagnosed and treated him for headaches and prescribed a pain reliever. (Doc. No. 34-4, p. 2)   Defendant Butler also notes that in his deposition, Plaintiff stated he has no claims against him after February 22, 2016. (Doc. No. 34-2, pp. 7-8)

Based on this evidence, Butler states that Plaintiff cannot prove that he was aware of his migraine complaints prior to the time he saw him on February 22, 2016, nor can Plaintiff provide any evidence to support a finding that Butler intentionally delayed treatment or otherwise acted with deliberate indifference to Plantiff's serious medical needs.

In response, Plaintiff complains about the seven-day delay in treatment, which constituted cruel and unusual punishment.  Plaintiff also maintains that he adequately exhausted all his administrative remedies prior to filing this lawsuit.

In reply, Defendant states that Plaintiff fails to offer "sufficient probative evidence which would permit a fact finder to rule in his favor as opposed to engaging in 'mere speculation, conjecture, or fantasy.'" Kneibert v. Thomson Newspapers, 129 F.3d 444, 455 (8th Cir. 1997)

4

(quoting Wilson v. International Business Machines Corp., 62 F.3d 237, 241 (8th Cir. 1995)).

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant acted with deliberate indifference to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). An inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

In this case, Plaintiff's medical records show that a nurse treated him on February 15, 2016, and referred him to a provider, who, according to Dr. Butler, could have been any one of several

5

providers available at the EARU. (Doc. No. 34-3)  Another nurse treated Plaintiff on February 17, 2016, for unrelated symptoms, and during segregation rounds from February 18 until February 20, he lodged no complaints. (Doc. No. 34-1, p. 9).   Plaintiff provides no evidence that Butler was aware of a serious need on February 15, yet deliberately delayed Plaintiff's treatment until February 22.  In his deposition testimony, Plaintiff stated that he did not personally speak to Dr. Butler prior to February 22, 2016, but claimed Butler was aware of the situation because of the notations in Plaintiff's medical records. (Doc. No. 34-2, pp. 27-28) Plaintiff also provides no evidence that the delay in treatment caused a detrimental effect to his health.  Beyerbach, 49 F.3d at 1326. Based on Plaintiff's medical records and the declarations of Defendant Butler and Dr. Stieve, and absent any concrete evidence from the Plaintiff, the Court finds as a matter of law that Defendant Butler did not act with deliberate indifference to Plaintiff's medical needs.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 33) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 1st day of May, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE